UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTI FREITAS et al., | CASE NO. 3:25-cv-05148-DGE |
| Plaintiff, | ORDER ON MOTIONS TO DISMISS (DKT. NOS. 13, 16) AND MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) |
| v. | |
| MARIANO T. LLANOS et al., | |
| Defendant. | |

# I     INTRODUCTION

This matter comes before the Court on two motions to dismiss Plaintiffs' complaint. (Dkt. Nos. 13, 16.)  For the foregoing reasons, the motions to dismiss are GRANTED. Accordingly, Plaintiffs' motion for default judgment (Dkt. No. 20) is DENIED as moot.

# II     BACKGROUND

Plaintiffs Patti and Theodore Freitas reside in Brush Prairie, Washington.  (Dkt. No. 1-1 at 3.)  They identify as sovereign "People of Washington" and claim "their correct jurisdiction [i]s outside the taxing authority of the IRS."  (*Id*. at 6) ("Claimants are not evidenced as being

qualified, required, or eligible to file any form with the IRS or the USA."). Plaintiffs brought the instant case in response to the IRS' efforts to investigate their tax liability for 2021-2023 and to collect their 2020 taxes. (*Id*. at 6.)

On September 26, 2024, Plaintiffs received a Notice of Federal Tax Lien. (*Id*. at 8.) The IRS subsequently issued four summonses to gather information about Plaintiffs' tax liability. (*Id*. at 91.) Plaintiffs did not appear and instead submitted multiple "affidavit[s] of status, non-cooperation, [and] non-election" stating that they "never elected to become a United States citizen," and should instead be considered "People of Washington, independent of any state." (*Id*. at 89, 98.) On November 25, 2024, the IRS issued a levy of $51,175.84 on Plaintiffs for tax year 2020 liability. (*Id*. at 100.) The IRS then sent another summons to which Plaintiffs replied demanding the summons be vacated. (*Id*. at 8). Plaintiffs affirm that they "have not filed tax returns for the year of 2021 and beyond." (*Id*. at 7.)

Plaintiffs allege that: "[t]he IRS defendants have failed to provide the requested certified assessments and further did not and have not rebutted any of Claimants' affidavits, which clearly demonstrate that Claimants are not evidenced as being under the US taxing authority of the IRS." (*Id*. at 9.) They further argue "Kavita Ros, Manager of Columbia Credit Union, Lauren Mannello of Columbia Credit Union, and Lori Senz, Controller of Accounting at Premiere Property Group, without good cause and in violation of their fiduciary duty to Claimants, seized Claimants' funds held by Columbia Credit Union or Premiere Property Group and delivered said funds to IRS." (*Id*.) Plaintiffs state that they are now barred from receiving deposits or making payments from their bank account at Columbia Credit Union, which has subjected them to extreme financial and emotional distress. (*Id*.) Plaintiffs seek equitable relief, declaratory

ORDER ON MOTIONS TO DISMISS (DKT. NOS. 13, 16) AND MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) - 2

judgement, damages for emotional distress, a tax refund, compensatory and punitive damages, and attorney fees. (*Id*. at 11–12.)

On April 22, 2025, Defendants Mariana Llanos, John Hegi, Ellen Rose, and Colin Curry filed a motion to dismiss. (Dkt. No. 13.) On April 28, 2025, the United States of America was substituted in place of Defendants Mariana Llanos, John Hegi, Ellen Rose, and Colin Curry. (Dkt. No. 14.) On April 30, 2025, Defendants Kavita Ros and Lauren Mannello filed a motion to dismiss. (Dkt. No. 16.) On May 27, 2025, and June 3, 2025, Plaintiffs were ordered to show cause why the claims should not be dismissed for want of prosecution based on their failure to respond to the motions to dismiss. (Dkt. Nos. 21, 22.) Plaintiffs failed to respond.

### III   DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. "The court

ORDER ON MOTIONS TO DISMISS (DKT. NOS. 13, 16) AND MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) - 3

need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . . Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

### B. Discussion

Plaintiffs' stated belief that they are independent sovereigns—and thus should not be considered subject to taxation—indicates that they subscribe to the so-called Sovereign Citizen Movement. (*See* Dkt. No. 1-1 at 3–10.) Sovereign citizens believe that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (describing the "hallmarks" of the sovereign citizen movement"); *Clarke v. Allen*, No. 317CV00582MMDWGC, 2020 WL 3510921, *1–*2 (D. Nev. June 29, 2020) (describing the sovereign citizen movement). Defendants argue that Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction because claims based in the ideology of the sovereign citizen movement are "wholly insubstantial and frivolous." (Dkt. No. 13 at 5) (citing *Johnson v. Nordstrom*, No. 23-CV-01813, 2024 WL 1012909, at *3 (W.D. Wash. Mar. 8, 2024)).

A district court has subject matter jurisdiction unless the purported federal claim is clearly "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *see also Ballou v. Vancouver Police Officers' Guild*, 389 F. App'x 681 (9th Cir. 2010) ("Because the federal claim was clearly frivolous, the district court lacked subject matter jurisdiction."). "A complaint is

frivolous where it 'lacks an arguable basis either in law or in fact.'" *Paul v. New York*, No. 13-CV-5047 SJF AKT, 2013 WL 5973138, *2 (E.D.N.Y. Nov. 5, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

As this Court has stated before, "[c]ourts have uniformly rejected arguments based on sovereign citizen theories." *Reum v. Washington*, No. 3:23-CV-05074-DGE, 2023 WL 1766376, *2 (W.D. Wash. Feb. 3, 2023); *see also United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejected arguments premised on the sovereign citizen ideology as "utterly meritless"). It follows that "'[s]overeign citizen' matters . . . are consistently dismissed as frivolous." *Elem v. Puig*, No. 25-CV-00780 (UNA), 2025 WL 1233871 (D.D.C. Apr. 25, 2025) (collecting cases). As the Seventh Circuit put it, no person is "beyond the jurisdiction of the courts" and [t]hese theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011); *see also Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) (affirming denial of plaintiff's claims as "patently frivolous"); *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (same); *Paul*, 2013 WL 5973138, at *4 (dismissing with prejudice as frivolous); *United States v. Alexio*, Nos. 13–01017, 13–01018, 2015 WL 4069160, at *2–4 (D. Haw. July 2, 2015) (collecting cases and finding that sovereign citizen theories "flatly rejected" by numerous courts as "frivolous, irrational [and] unintelligible").

Because the "laws of the United States apply to all persons within its borders," the Court determines that Plaintiffs' claims are frivolous, and it is without jurisdiction to proceed. *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). Additionally, if the Court had jurisdiction, Plaintiffs' complaint would be dismissed for failure to state a claim. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Nothing in the complaint indicates that Plaintiffs are "outside the

taxing authority of the IRS," as they allege. (Dkt. No. 1-1 at 6). On the contrary, Plaintiffs affirm that they reside in Washington and have not paid their taxes for four years. (*Id*. at 3–7.)

### IV   CONCLUSION

Accordingly, Defendants' motions to dismiss (Dkt. Nos. 13, 16) are GRANTED. Plaintiffs' motion for default judgement (Dkt. No. 20) is DENIED as moot.

Dated this 8th day of July, 2025.

David G. Estudillo
United States District Judge